OPINION
Defendant-appellant, John Campbell, appeals his conviction from the Hamilton Municipal Court, arguing that there was insufficient evidence to convict him of the offense of domestic violence.
 {¶ 1} Appellant asserts in his single assignment of error that the trial court erred to *Page 2 
his prejudice by failing to grant his motion for acquittal.[1]
Appellant argues that there was insufficient evidence that his wife and daughter feared imminent physical harm.
 {¶ 2} The domestic violence statute, R.C. 2919.25, states:
 {¶ 3} "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 4} "(B) No person shall recklessly cause serious physical harm to a family or household member.
 {¶ 5} "(C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member.
 {¶ 6} "(D)(1) Whoever violates this section is guilty of domestic violence.
 {¶ 7} "(2) Except as otherwise provided in division (D)(3) or (4) of this section, a violation of division (C) of this section is a misdemeanor of the fourth degree, and a violation of division (A) or (B) of this section is a misdemeanor of the first degree."
 {¶ 8} Our review of a court's denial of a motion for acquittal is governed by the same standard as that used for determining whether a verdict is supported by sufficient evidence. State v. Haney, Clermont App. No. CA2005-07-068, 2006-Ohio-3899, ¶ 14. In reviewing a record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 34.
 {¶ 9} Appellant's case was tried to the bench. At trial, appellant's 17-year-old *Page 3 
daughter testified that on the day in question, appellant, her father, was "mad" and yelling about things when he picked up and threw a chair to the floor. The daughter could not recall the specifics of what appellant was saying. The daughter said she placed her two younger brothers in a back bedroom because she believed they were scared.
 {¶ 10} The daughter testified that she went to her grandmother's house to tell her mother, appellant's wife, to come home because appellant was upset. The grandmother lived down the street from appellant's residence. Upon questioning, the daughter indicated that she was "a little scared" and that is why she stayed at her grandmother's house for a few minutes. The daughter indicated that she was afraid because her father has a "bad temper" and he will throw things, but, added that he was not throwing things that day.
 {¶ 11} The daughter testified that when police arrived, they asked her about appellant threatening to shoot her and she told them appellant did not do so. She testified that there are no guns in the house.[2]
 {¶ 12} Appellant's wife testified that she talked with appellant on the grandmother's porch. The wife testified that appellant said, "I'm just so mad that I'm just going to start killing people and I don't care who stands in my way." The wife acknowledged that she gave a written statement to police in which she said appellant was yelling at her and named two individuals he would start with when he was talking about killing people. One of those individuals was appellant's stepfather, who was inside the house at the time. The mother also wrote that appellant threatened to kill those two people and "anyone else he could think of;" "he don't care."
 {¶ 13} The wife acknowledged that she later asked a responding police officer not to leave because she wanted to speak with the officer because, when appellant is upset, "we do *Page 4 
get scared."
 {¶ 14} As we previously noted, appellant argues that there was insufficient evidence of imminent physical harm. When a word used in a statute is not given a special definition, it must be given its plain, ordinary meaning in the English language. City of Cincinnati v.Baarlaer (1996), 115 Ohio App.3d 521, 526-527. "Imminent," as found in Webster's New International Dictionary [internal citation omitted] means: "near at hand, impending, threatening to occur immediately." Id.
 {¶ 15} This court in Hamilton v. Cameron (1997), 121 Ohio App.3d 445,449, held, for a violation of R.C. 2919.25(C), it must be shown that the victim believed the offender would cause her imminent physical harm at the time the incident took place. "While it is true that victims may change their testimony to protect a spouse, there must be some evidence either that a victim stated, or that from other evidence it could be inferred, that the victim thought that the accused would cause imminent physical harm."
 {¶ 16} The record in the case at bar indicates that both the daughter and the wife testified at trial that appellant did not threaten them. However, the evidence also shows that both the daughter and wife testified that they were afraid of appellant during the incident because he was angry and upset. The wife acknowledged that "we do get scared" when appellant is upset. When asked if she fears for her life when appellant gets upset and "makes these threats," the wife stated that it depends on how violent he is at the time, how mad he is.
 {¶ 17} The wife testified that she was the only person with appellant when he threatened "to just start killing people," did not care who stood in his way and would start with two particular people and "anyone else that he could think of." The wife testified that she took appellant seriously because he was "really angry and upset."
 {¶ 18} Construing the evidence most favorably for the state on appellant's motion for *Page 5 
acquittal, we find that any rational trier of fact could have found beyond a reasonable doubt that appellant, by threat of force, knowingly caused a family member or family members to believe that he would cause imminent physical harm to them. R.C. 2919.25(C); R.C. 2901.22 (culpable mental states). Appellant's single assignment of error is overruled.
 {¶ 19} Judgment affirmed.
BRESSLER and YOUNG, J., concur.
[1] Appellee, city of Hamilton/state of Ohio, did not file an appellate brief in this case, and, pursuant to App. R. 18(C), this court may accept appellant's statement of facts and issues as correct and reverse the judgment if appellant's brief reasonably supports such action.
[2] It appears from the record that appellant's sister talked by telephone to appellant's daughter and the sister called police. *Page 1