OPINION
{¶ 1} Defendant-appellant, David James Hart, appeals his conviction in the Warren County Court of Common Pleas for domestic violence and menacing by stalking. We affirm the decision of the trial court.
 {¶ 2} The tumultuous relationship between appellant and M.B., from which they have a child, consists of numerous incidents of physical and psychological abuse. Their relationship culminated with appellant's arrest and conviction for the events that *Page 2 
occurred on January 18, 2008, which is subject to this appeal.
 {¶ 3} On the evening of January 18, 2008, D.F., M.B.'s 12-year-old daughter, was washing dishes in the kitchen with her two sisters. After the girls began to argue, appellant, apparently overhearing the argument from another room, came into the kitchen, punched a frying pan, and then threatened to do the same to D.F.'s face. In response, D.F. began to cry and "took off running." Thereafter, appellant and M.B. began to argue.
 {¶ 4} During their ensuing argument, M.B. attempted to leave the house but was stopped by appellant when he grabbed her coat and forcefully pulled her back into the house, which prompted her to fall into the living room entertainment center. M.B., although scared for her safety and for the safety of her children, decided to stay in the house that night and call the police from work the following morning. The next day, after M.B. spoke with the police, appellant was arrested and charged with domestic violence and menacing by stalking. M.B. then filed for, and was granted, a temporary protection order.
 {¶ 5} Following a jury trial, appellant was found guilty of both offenses, as well as three counts of violating the temporary protection order, and sentenced to serve 29 months in prison. Appellant now appeals his conviction for domestic violence and menacing by stalking, raising two assignments of error.
 {¶ 6} For ease of discussion, appellant's assignments of error will be addressed out of order.
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE TRIAL COURT ERRONEOUSLY ALLOWED IMPROPER CHARACTER EVIDENCE TO THE PREJUDICE OF [APPELLANT]."
 {¶ 9} Appellant, in his second assignment of error, argues that the trial court *Page 3 
erred when it permitted M.B. to testify pursuant to Evid. R. 404(B) regarding his other prior acts of violence because her testimony was "improper and impermissible character evidence," highly prejudicial, and "ultimately led to his conviction." This argument lacks merit.
 {¶ 10} The admissibility of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Absent an abuse of discretion, as well as a showing that the appellant suffered material prejudice, an appellate court will not disturb a trial court's ruling as to the admissibility of evidence. State v. Pringle, Butler App. Nos. CA2007-08-193, CA2007-09-238, 2008-Ohio-5421, ¶ 17, citing State v. Martin (1985),19 Ohio St.3d 122, 129. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. State v. Hancock, 108 Ohio St.3d 57,2006-Ohio-160, ¶ 130. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pringle at ¶ 17, citing State v. Yeager, Summit App. No. 21510,2005-Ohio-4932, ¶ 29.
 {¶ 11} Pursuant to Evid. R. 404(B), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that a person acted in conformity therewith on a particular occasion. Evid. R. 404(B); State v. Walker, Butler App. No. CA2006-04-085, 2007-Ohio-911, ¶ 11, citing State v. Curry (1975), 43 Ohio St.2d 66, 68-69. However, so-called "other acts evidence" may be admitted for other purposes including proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Evid. R. 404(B); Walker at ¶ 11. Further, "[a]s with other types of evidence, admission of other acts testimony must not only meet the prerequisites of Evid. R. 404(B), but it also must pass muster under Evid. R. 403(A), which requires the exclusion of unfairly prejudicial evidence." State v. Gibson, Butler *Page 4 
App. No. CA2007-08-187, 2008-Ohio-5932, ¶ 41.
 {¶ 12} In prosecutions for menacing by stalking, the victim's belief that the defendant will cause physical harm is an element of the offense which is often intertwined with their past interactions. State v.Skeens (Dec. 3, 1999), Montgomery App. No. 17528, 1999 WL 1082658 at *4. As a result, prior acts of violence between the defendant and the victim are "relevant and highly probative in establishing the victim's belief of impending serious harm," and are "particularly important to prove the crime of menacing by stalking." Id., citing State v. Schwartz (1991),77 Ohio App.3d 484, 487; State v. Horsley, Franklin App. No. 05AP-350,2006-Ohio-1208, ¶ 26. Furthermore, as this court noted in State v.Shaver (July 28, 1997), Warren App. No. CA96-09-094, "[o]ther acts evidence can be particularly useful in prosecutions for menacing by stalking because it can assist the jury in understanding that a defendant's otherwise innocent appearing acts, when put into the context of previous contacts he has had with the victim, may be knowing attempts to cause mental distress." Id. at 8, quoting State v. Tichon (1995),102 Ohio App.3d 758, 768.
 {¶ 13} Appellant objected to the admissibility of M.B.'s testimony in regard to numerous instances where he engaged in acts of physical violence, or threats of physical violence, against her and her property. The trial court, in overruling appellant's objection, determined that such evidence was relevant to prove appellant's menacing by stalking charge, and also admissible to prove that he had a "history of violence in order for there to be an enhancement of the penalty" pursuant to R.C. 2903.211(B)(2)(e). We find no error in the trial court's decision. As a result, because M.B.'s testimony was relevant to prove the essential elements of appellant's menacing by stalking charge and not otherwise unfairly prejudicial to him, the trial court did not abuse its discretion in admitting evidence of appellant's other prior threats and acts of physical violence. See, *Page 5 
e.g., Horsley at ¶ 27, 29 (finding evidence of past conduct toward victim, including prior conviction for telephone harassment, was relevant and properly admissible to prove essential elements of menacing by stalking charge); see, also, Skeens, 1999 WL 1082658 at *4 (finding the trial court could have reasonably concluded defendant's prior acts of violence and threats toward his wife were admissible because they were directly relevant to her belief that he intended to cause her physical harm). Accordingly, appellant's second assignment of error is overruled.
 {¶ 14} Assignment of Error No. 1:
 {¶ 15} "[APPELLANT'S] CONVICTIONS ARE NOT SUPPORTED BY THE SUFFICIENCY OR MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 16} In his remaining assignment of error, appellant argues that the state provided insufficient evidence to support his convictions for domestic violence and menacing by stalking, and that his convictions were against the manifest weight of the evidence. We disagree with this argument.
 {¶ 17} Whether the evidence presented is legally sufficient to sustain a verdict is a question of law. State v. Thompkins, 78 Ohio St.3d 380,386, 1997-Ohio-52. An appellate court, in reviewing the sufficiency of the evidence supporting a criminal conviction, examines the evidence in order to determine whether such evidence, if believed, would support a conviction. State v. Carroll, Clermont App. Nos. CA2007-02-030, CA2007-03-041, 2007-Ohio-7075, ¶ 117. After examining the evidence in a light most favorable to the prosecution, the appellate court must then determine if "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. Proof beyond a reasonable doubt is "proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs." R.C. 2901.05(D). *Page 6 
 {¶ 18} Unlike a sufficiency of the evidence challenge, a manifest weight challenge concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other. Carroll at ¶ 118. An appellate court considering whether a conviction was against the manifest weight of the evidence must review the entire record, weighing the evidence and all reasonable inferences, and consider the credibility of witnesses. State v.Good, Butler App. No. CA2007-03-082, 2008-Ohio-4502, ¶ 25, citingHancock, 2006-Ohio-160 at ¶ 39. Under a manifest weight challenge, the question is whether, in resolving conflicts in the evidence the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Good at ¶ 25. This discretionary power would be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. State v.Heflin, Summit App. No. 21655, 2003-Ohio-7181, ¶ 5.
 {¶ 19} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v. Smith, Fayette App. No. CA2006-08-030, 2009-Ohio-197, ¶ 73. As a result, a determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency. Id.
 Domestic Violence: 2919.25(C) {¶ 20} Initially, appellant argues that the state provided insufficient evidence to support his conviction for domestic violence, a fourth-degree misdemeanor, and that his conviction was against the manifest weight of the evidence because "the record is silent as to whether [D.F.] believed [appellant] would carry out the threat when it was made." This argument lacks merit.
 {¶ 21} Appellant was charged with domestic violence in violation of *Page 7 
R.C. 2919.25(C), which prohibits any person, by threat of force, from "knowingly caus[ing] a family or household member to believe that the offender will cause imminent physical harm" upon them. For a violation of R.C. 2919.25(C), it must be shown that the victim believed the offender would cause her imminent physical harm at the time the incident took place. State v. Campbell, Butler App. No. CA2007-12-313,2008-Ohio-5542, ¶ 16, citing Hamilton v. Cameron (1997),121 Ohio App.3d 445, 449. "Physical harm," as defined by R.C. 2901.01(A)(3), "means any injury, illness, or other physiological impairment, regardless of its gravity or duration."
 {¶ 22} At trial, D.F., M.B.'s 12-year-old daughter, testified that on January 18, 2008 appellant threatened to "punch down [her] throat." D.F. also testified that while doing the dishes that evening appellant came into the kitchen, "punched a pan," and told her that "if [she] didn't do it right * * * that that would be [her] face." In response, D.F. testified that she started to cry and "took off running." D.F. also testified that she took all of appellant's threats seriously because she was scared of him.
 {¶ 23} After reviewing the record, we cannot say that the jury clearly lost its way in finding the evidence presented by the state supported appellant's domestic violence conviction in violation of R.C. 2919.25(C) because a rational jury could have found beyond a reasonable doubt that appellant's actions caused D.F., a child, to believe that he would cause imminent physical harm upon her. As a result, we cannot say appellant's conviction created such a manifest miscarriage of justice that his conviction must be reversed, and therefore, we find no reason to disturb the jury's finding of guilt.
 Menacing by Stalking: 2903.211(A)(1) {¶ 24} Next, appellant argues that the state provided insufficient evidence to support his conviction for menacing by stalking, a fourth-degree felony, and that his *Page 8 
conviction was against the manifest weight of the evidence because the "transcript reveals that [M.B.] was not fearful or distressed because of [appellant's] actions." This argument lacks merit.
 {¶ 25} Appellant was charged with menacing by stalking in violation of R.C. 2903.211(A)(1), which states, in pertinent part:
 {¶ 26} "No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."
 {¶ 27} As stated previously, "physical harm," as defined by R.C. 2901.01(A)(3), "means any injury, illness, or other physiological impairment, regardless of its gravity or duration." Moreover, "mental distress," as defined by R.C. 2903.211(D)(2), means:
 {¶ 28} "(a) Any mental illness or condition that involves some temporary substantial incapacity;
 {¶ 29} "(b) Any mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services."
 {¶ 30} Expert testimony is not necessary to establish that a victim experienced mental distress as a result of the offender's behavior in order to prove an element of menacing by stalking. State v. Schwab
(1997), 119 Ohio App.3d 463, 472, citing Tichon, 102 Ohio App.3d at 763. Rather, it is the function of the trier of fact to determine whether a victim suffered mental distress as a result of the offender's behavior.Schwab at 472.
 {¶ 31} Appellant essentially argues that the state did not prove M.B. suffered actual physical harm or actual mental distress, and as a result, the state failed to prove *Page 9 
the essential elements of the crime. However, appellant is incorrect in his assertion that the state must show M.B. suffered actual physical harm or actual mental distress for him to be convicted of menacing by stalking under R.C. 2903.211(A)(1). Instead, the "state need only show that a defendant knowingly caused the victim to believe that he would cause her mental distress or physical harm." (Emphasis added.)Horsley at ¶ 47; State v. Smith (1998), 126 Ohio App. 3d 193, 202. Therefore, "neither actual physical harm nor actual mental distress is required." Horsley at ¶ 45, 47.
 {¶ 32} Moreover, the testimony of M.B. indicates that a rational jury could have found beyond a reasonable doubt that appellant knowingly caused M.B. to believe that he would cause her physical harm or mental distress.
 {¶ 33} At trial, M.B., appellant's former girlfriend and mother of his child, testified that the couple "fought a lot" and that these arguments would become physical "on occasion."
 {¶ 34} Specifically, M.B. testified that in late November appellant became enraged when she refused to come downstairs and meet with his friends. As a result, appellant stormed upstairs and entered the room where M.B. and his daughter were sitting, grabbed a lamp, and smashed it against the wall sending glass "all over [her]."
 {¶ 35} M. B., further describing appellant's violent behavior, testified that when he became upset with his daughter he "smashed [her] stereo" with a sledgehammer and then continued to walk around the house "saying he felt like smashing things." When asked why she never left the relationship, M.B. testified that she "tried a couple times," and that the last time she attempted to leave, which occurred on January 18, he forcefully "grabbed [her] by [her] jacket and pulled [her] back" inside the house which prompted her to fall into the living room entertainment center.
 {¶ 36} Further, in regard to appellant's threats of violence towards her, M.B. *Page 10 
testified that on "several occasions" appellant told her "if he went back to prison this time it would be for murder." M.B. also testified that he once "handed [her] a bullet with [her] name carved in it." M.B. then stated that she took all of appellant's threats seriously because she was familiar with his temper and that she "[thought] he meant it when he said it." Finally, M.B. testified that she was "frightened" and "scared" of appellant.
 {¶ 37} After reviewing the record, we cannot say that the jury clearly lost its way in finding the evidence presented by the state supported appellant's menacing by stalking conviction in violation of R.C. 2903.211(A)(1). Therefore, because we cannot say appellant's conviction created such a manifest miscarriage of justice that his conviction must be reversed, we find no reason to disturb the jury's finding of guilt.
 {¶ 38} As we have already determined that appellant's convictions for domestic violence and menacing by stalking was not against the manifest weight of the evidence, we necessarily conclude that there was sufficient evidence to support the guilty verdicts in this case. Accordingly, appellant's first assignment of error is overruled.
 {¶ 39} Judgment affirmed.
POWELL, P.J., and RINGLAND, J., concur. *Page 1