[Cite as *State v. Crider*, 2013-Ohio-4594.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99396**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EDWARD C. CRIDER

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED IN PART, REVERSED IN PART AND REMANDED
FOR RESENTENCING

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-563307

**BEFORE:** McCormack, J., Rocco, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 17, 2013

**ATTORNEY FOR APPELLANT**

Robert Botnick
The Botnick Law Firm, L.L.C.
11510 Buckeye Road
Cleveland, OH 44104


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: James Hofelich
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Edward C. Crider, appeals his sentence after pleading guilty to abduction and attempted gross sexual imposition. For the following reasons, we affirm in part, reverse in part, and remand for resentencing consistent with this opinion.

## Procedural History and Substantive Facts

{¶2} On June 21, 2012, Crider was indicted on one count of kidnapping in violation of R.C. 2905.01(A)(4), with a sexual motivation specification, one count of kidnapping under R.C. 2905.01(A)(3), with a sexual motivation specification, and one count of attempted rape in violation of R.C. 2923.02 and 2907.02(A)(1)(b). Following plea negotiations and an amended indictment, Crider pleaded guilty to one count of abduction in violation of R.C. 2905.02(A)(2) and one count of attempted gross sexual imposition in violation of R.C. 2923.02 and 2907.05(A)(4). In exchange for the plea, the state nolled Count 2, kidnapping in violation of R.C. 2905.01(A)(3).

{¶3} On October 23, 2012, the trial court sentenced Crider to 36 months on the abduction and 18 months on the attempted gross sexual imposition. The court ordered the sentences to run consecutive to one another, for a total of 54 months. During the sentencing hearing, the trial court heard testimony from Crider's mother, the 12-year-old victim, and the victim's parents. The court also read portions of the victim's impact statement into the record.

## Assignments of Error

I. The trial court erred in not finding appellant's convictions arise from a continuing course of conduct that requires their merger for sentencing purposes under R.C. 2941.25 and *Johnson*.

II. The trial court erred by imposing consecutive sentences without making findings of fact as required by R.C. 2929.14(C)(4).

## Allied Offenses

{¶4} At sentencing, Crider argued that his offenses should merge as allied offenses of similar import. He claims that the act of abduction and attempted gross sexual imposition involved only a single course of conduct and there was no separate animus for each offense to which he pleaded guilty.

{¶5} Our review of an allied offenses question is de novo. *State v. Webb*, 8th Dist. Cuyahoga No. 98628, 2013-Ohio-699, ¶ 4, citing *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

{¶6} R.C. 2941.25 is the codification of the judicial doctrine of merger and provides guidance as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25; *State v. Patterson*, 8th Dist. Cuyahoga No. 98127, 2012-Ohio-5511, ¶ 33.

{¶7} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court established the proper analysis for determining whether offenses qualify as allied offenses subject to merger pursuant to R.C. 2941.25. In doing so, it expressly overruled *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, and held that rather than compare the elements of the crimes in the abstract, courts must consider the conduct of the accused:

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct * * *. If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.
>
> If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind."
>
> If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.
>
> Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

(Citations omitted.) *Id.* at ¶ 48-51; *State v. Burt*, 8th Dist. Cuyahoga No. 99097, 2013-Ohio-3525, ¶ 30.

{¶8} In this case, Crider pleaded guilty to abduction in violation of R.C. 2905.02(A)(2), which provides that "[n]o person, without privilege to do so, shall

knowingly * * * [b]y force or threat, restrain the liberty of another person under circumstances that create a risk of physical harm to the victim or place the other person in fear." Crider also pleaded guilty to attempted gross sexual imposition in violation of R.C. 2923.02 and 2907.05(A)(4), which provide as follows:

> No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when * * * [t]he other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

R.C. 2923.02 and 2907.05(A)(4).

{¶9} The trial court determined that the offenses were not allied offenses because the offenses were committed separately. We agree.

{¶10} We recognize that in certain circumstances, abduction may be an allied offense of similar import to attempted gross sexual imposition, i.e., where the offenses were committed by the same conduct. In deciding, however, whether these offenses were, in fact, committed by the same conduct or animus, i.e., "a single act, committed with a single state of mind," we must look to the facts and circumstances of the particular case. *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 49. Specifically, in cases involving restraint or asportation of the victim, the trial court must consider the circumstances where that restraint or asportation exposes the victim to a

substantial increase in the risk of harm. *State v. Kimbrough*, 8th Dist. Cuyahoga No. 97568, 2012-Ohio-2927, ¶ 23, citing *State v. Ortiz*, 8th Dist. Cuyahoga No. 95026, 2011-Ohio-1238.

**{¶11}** In determining whether a separate animus existed with respect to Crider's actions, we look to the guiding principles established in *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979). In *Logan*, the Ohio Supreme Court established guidelines in order to determine what constitutes a separate animus for kidnapping and a related offense:

> "(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

> "(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions."

*Ortiz* at ¶ 16, quoting *Logan* at syllabus.

**{¶12}** In this case, Crider pleaded guilty to abduction, which involves the physical restraint of an individual. R.C. 2905.02(A)(2). Here, Crider restrained the 12-year-old victim, T.W., and attempted to move her to a different and secretive location. The record shows that Crider exited the Puritas Rapid Station and followed T.W., who was walking to school. Crider grabbed her by the arm and dragged her to a chain link fence. He then pushed her up against the fence and attempted to push her into a large bush in order to

conceal them from the road and the passersby. While pushing T.W. against the fence, he became angrier and repeatedly yelled, "come on, come on, you little whore."

**{¶13}** In light of the above, we cannot find that the abduction was incidental to the attempted gross sexual imposition. The restraint of T.W., in grabbing her by the arm and pushing her against the fence, is independent of Crider's attempt to conceal Crider and T.W. in the bushes while angrily calling T.W. a whore. Moreover, the separate act of removing T.W. from the public road to a hidden area behind the bushes subjected T.W. to a substantial increase in the risk of harm such that a separate animus existed for the offenses.

**{¶14}** Accordingly, we conclude that the abduction and the attempted gross sexual imposition of a minor are not offenses of similar import, and therefore, are not subject to merger.

**{¶15}** Crider's first assignment of error is overruled.

### Consecutive Sentence

**{¶16}** Crider claims that the trial court erred by imposing consecutive sentences without making findings required by R.C. 2929.14(C)(4). For the following reasons, we agree.

**{¶17}** We review consecutive sentences using the standard set forth in R.C. 2953.08. *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 8-10. That statute provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the sentence is "otherwise contrary to law"; or (2) the appellate

court, upon its review, clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4). *Id.* at ¶ 11; R.C. 2953.08(G)(2).

{¶18} H.B. 86, effective on September 30, 2011, revived the requirement that trial courts make certain findings before imposing consecutive sentences. *State v. Graves*, 8th Dist. Cuyahoga No. 98559, 2013-Ohio-2197, ¶ 11. Under current R.C. 2929.14(C)(4), when imposing consecutive sentences, the trial court must first find the sentence is "necessary to protect the public from future crime or to punish the offender." Next, the trial court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find the existence of one of the three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c):

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶19} Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *Venes* at

¶ 17, citing *State v. Jones*, 93 Ohio St.3d 391, 399, 2001-Ohio-1341, 754 N.E.2d 1252. "By stating the findings on the record, the reviewing court will not have to guess as to the trial court's thought process or impose its own. This helps the reviewing court to understand whether the trial court made the appropriate analysis." *State v. Davis*, 8th Dist. Cuyahoga Nos. 97689, 97691, and 97692, 2012-Ohio-3951, ¶ 16 (Blackmon, J., concurring). The failure to make these findings is contrary to law. *Venes* at ¶ 12.

{¶20} In this case, prior to imposing the sentence, the trial court considered T.W.'s victim impact statement and found Crider's crimes "one of the worst forms of the offense." In reciting the victim impact statement, the court recounted the details of the offenses and noted the traumatic effect this crime has had upon T.W., including T.W.'s nighttime crying, nightmares, lack of focus, inability to sleep alone, and dropping grades in school. Thereafter, the trial court stated that it "finds that consecutive sentences are the only means that would satisfy the punishment in this case."

{¶21} Applying the statutory requirements to the trial court's findings as noted above, we conclude that the trial court failed to make all of the necessary findings under R.C. 2929.14(C) prior to imposing consecutive sentences.

{¶22} The trial court arguably engaged in the appropriate analysis to support findings that would satisfy the first and third prongs of the statute. We find, however, that the record does not include a finding that consecutive sentences are not disproportionate to the seriousness of Crider's conduct and to the danger Crider poses to the public. *Graves*, 8th Dist. Cuyahoga No. 98559, 2013-Ohio-2197, ¶ 15. Nor does the

record demonstrate that the trial court engaged in the required analysis to support such a finding of proportionality. The court's statements, therefore, along with the record in this case, are devoid of the statutorily mandated findings required by the second prong of the statute as outlined above. As such, the consecutive sentence the trial court imposed is clearly and convincingly contrary to law.

{¶23} We recognize that the trial court worked diligently to identify the reasons why Crider should receive the more punitive consecutive sentences. Trial courts, however, are clearly bound by the stricter standard for the imposition of consecutive sentences created by the General Assembly in H.B. 86. The revived consecutive sentencing statute requires that the trial court make separate and distinct findings before imposing consecutive sentences. The legislation envisions and prescribes a clear delineation, a preface to the act of imposing the greater term of imprisonment that is effectuated by consecutive sentences. The law mandates an introduction, by way of findings, to the act of imposing the consecutive sentences so that the trial court's intent and purpose are clear. "If the word 'findings' is to have any meaning at all, it means nothing less than the court must 'engage[ ] in the required analysis and select[ ] the appropriate statutory criteria' before ordering sentences to be served consecutively." *Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 17, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.

**{¶24}** Accordingly, we sustain Crider's second assignment of error and remand this case to the trial court for the limited purposes of resentencing consistent with R.C. 2929.14(C). *See State v. Huber*, 8th Dist. Cuyahoga No. 98206, 2012-Ohio-6139, ¶ 17.

**{¶25}** This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

KENNETH A. ROCCO, P.J., and
MARY EILEEN KILBANE, J., CONCUR