[Cite as *State v. Marshall*, 2013-Ohio-5092.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2013-05-042 |
| | : | O P I N I O N |
| - vs - | | 11/18/2013 |
| | : | |
| JAMES C. MARSHALL, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 12 CR 28535

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Timothy J. McKenna, 125 East Court Street, Cincinnati, Ohio 45202, for defendant-appellant

**PIPER, J.**

{¶ 1}   Defendant-appellant, James Marshall, appeals his consecutive sentences in the Warren County Court of Common Pleas.

{¶ 2}    Marshall was convicted of felony drug-related offenses in 2008 and sentenced to prison.   Marshall was later released and placed on postrelease control.   While on postrelease control, Marshall and his girlfriend had a domestic dispute and police were dispatched to his home.  Police learned that Marshall had in his possession a rifle which was

stored in a guitar case and kept in a storage room in the back of the house. Marshall was charged with having weapons under disability. After Marshall pled no contest to the charge, the trial court found him guilty.

{¶ 3} The trial court ordered a presentence investigation report and held a sentencing hearing. After Marshall addressed the court with several mitigating factors, the trial court sentenced Marshall to 12 months on the violation of postrelease control, and nine months on the having weapons under disability charge. The trial court ordered that Marshall serve the sentences consecutively. Marshall now appeals his sentence, raising the following assignment of error.

{¶ 4} THE COURT ABUSED IT [sic] DISCRETION BY IMPOSING CONSECUTIVE PRISON TERMS AND FAILING TO PROPERLY CONSIDER THE SENTENCING FACTORS SET FORTH IN R.C. 2929.12 AS MANDATED BY *STATE V. KALISH.*

{¶ 5} Marshall argues in his assignment of error that his sentence is contrary to law.

{¶ 6} Despite Marshall's assignment of error regarding the *Kalish* sentencing standard, this court has recently established that "the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences." *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6, quoting *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, "the appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." However, as explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."

{¶ 7} Instead, an appellate court may take any action authorized by R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" that either: (1) "the record

does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or (2) "[t]hat the sentence is otherwise contrary to law." In making such a determination, it is "important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative." *Crawford* at ¶ 8, quoting *Venes,* 2013-Ohio-1891 at ¶ 21. "It does not say that the trial judge must have clear and convincing evidence to support its findings." *Id.* Instead, "it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *Id.* Simply stated, the language in R.C. 2953.08(G)(2) establishes an "extremely deferential standard of review," as "the restriction is on the appellate court, not the trial judge." *Id.*

{¶ 8} A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, and sentences appellant within the permissible statutory range. *Crawford* at ¶ 9; *State v. Elliott*, 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10. A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings as required by R.C. 2929.14(C)(4). *State v. Warren*, 12th Dist. Clermont No. CA2012-12-087, 2013-Ohio-3483, ¶ 16; *State v. McCoy*, 12th Dist. Warren No. CA2013-04-033, 2013-Ohio-4647; *State v. Crider*, 8th Dist. Cuyahoga No. 99396, 2013-Ohio-4594; *State v. Slane*, 10th Dist. Franklin No. 12AP-316, 2013-Ohio-2107.

{¶ 9} According to 2929.14(C)(4)

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively *if the court finds* that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, *and if the court also finds* any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis added.) Therefore, according to the statute, before a trial court can order consecutive sentences, it must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to these two findings, the court must find one of the three factors, as enumerated in subsections (a) through (c).

{¶ 10} As used in the statute, the verb "finds" means that the court "must note that it engaged in the analysis" required by the statute. *State v. Edmonson*, 86 Ohio St.3d 324, 326 (1999). "The statutory language itself does not have magical powers. Instead, it is merely a vehicle to ensure that the trial court engaged in the required analysis. Even so, there must be some reference in the record that the trial court considered the statutory requirements and made the requisite findings." *Warren*, 2013-Ohio-3483 at ¶ 16.

{¶ 11} A trial court's general statements as to why the trial court believed a prison term was necessary do not constitute specific findings as required by the statute. *State v. Fort*, 8th Dist. Cuyahoga No. 80604, 2002-Ohio-5068, ¶ 87. Nor does an indication in the record that a trial court may have intended to make a finding fulfill the statutory requirement where

the enumerated findings do "not expressly appear in the record." *State v. Byrd*, 2d Dist. Clark No. 03-CA-08, 2004-Ohio-4369, ¶ 36.

{¶ 12} Compliance with R.C. 2929.14(C)(4) requires separate and distinct findings in addition to any findings related to the purposes and principles of sentencing within R.C. 2929.11 or the recidivism factors within R.C. 2929.12. *Venes*, 2013-Ohio-1891 at ¶ 17, citing *State v. Edmonson*, 86 Ohio St.3d 324, 326 (1999).

{¶ 13} As stated by the Eighth District Court of Appeals, sentencing courts

> are clearly bound by the stricter standard for the imposition of consecutive sentences created by the General Assembly in H.B. 86. The revived consecutive sentencing statute requires that the trial court make separate and distinct findings before imposing consecutive sentences. The legislation envisions and prescribes a clear delineation, a preface to the act of imposing the greater term of imprisonment that is effectuated by consecutive sentences. The law mandates an introduction, by way of findings, to the act of imposing the consecutive sentences so that the trial court's intent and purpose are clear. "If the word 'findings' is to have any meaning at all, it means nothing less than the court must 'engage[ ] in the required analysis and select [ ] the appropriate statutory criteria' before ordering sentences to be served consecutively."

*State v. Crider*, 8th Dist. Cuyahoga No. 99396, 2013-Ohio-4594, ¶ 23, quoting *Edmonson,* 86 Ohio St.3d at 326. This court has stated similar reasoning for requiring the trial court to expressly make the consecutive sentence findings on the record.

> Appellate review of a trial court's statements at the sentencing hearing becomes increasingly difficult when the trial court does not at least track the language of the statute to some extent. If the precise words of the statute are not used, it must be clear from the record that the trial court engaged in the appropriate analysis. In other words, the trial court must make an "equivalent finding to the factor that it finds exists," or one that uses "conceptually equivalent phraseology." The failure to track the wording of the statute forces appellate courts to conduct an analysis of the linguistic equivalency of the trial court's statements as compared to the language of the statute. This analysis is difficult and the result is not always predictable.

*State v. Kuykendall*, 12th Dist. Clermont No. CA2004-12-111, 2005-Ohio-6872, ¶ 24-25.

(Internal citations omitted.)

{¶ 14} After reviewing the record, the trial court failed to make the necessary findings as required by R.C. 2929.14(C)(4). The trial court did not mention or make any reference to R.C. 2929.14 during its sentencing colloquy or in its sentencing entry. Instead, the trial court only made reference to the purposes and principles of sentencing, as well as the recidivism factors of R.C. 2929.11 and 2929.12. However, and as previously stated, the consecutive sentence findings must be made wholly separate and apart from any consideration given to the purposes and principles of sentencing and recidivism factors.

{¶ 15} For example, according to R.C. 2929.11, a trial court should consider several factors when considering the purposes and principles of sentencing. These factors include the need to: protect the public from future crime by the offender and others; punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources; incapacitate the offender; deter the offender and others from future crime; rehabilitate the offender, and make restitution to the victim of the offense, the public, or both. R.C. 2929.11 also directs a trial court to calculate its sentence "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 16} R.C. 2929.12 goes forward and lists a myriad of factors a court should consider when sentencing the defendant, including nine separate factors that apply "regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense." The statute also includes four factors a sentencing court must consider regarding "the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense." The sentencing court

must also consider five factors that apply "regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes." Then, the sentencing court must consider five factors specific to whether "the offender is not likely to commit future crimes."

{¶ 17} There is some overlap in the factors within R.C. 2929.11 and R.C. 2929.12 as compared to each other and when compared to R.C. 2929.14(C)(4). This is true, especially when considering the factors that focus on the defendant as a person and the specifics of his crime. However, and by virtue of H.B. 86, the legislature specifically revived the requirement that the trial court make three enumerated findings before imposing consecutive sentences. These consecutive sentence findings within R.C. 2929.14(C) must be made separate and apart from any consideration of the factors within R.C. 2929.11 and 2929.12, especially where the purpose and recidivism statutes require only *consideration* of factors but do not require the trial court to make any *findings*.

{¶ 18} The trial court sentenced Marshall after reviewing a presentence investigation report and giving Marshall the opportunity to address the court. The court then stated,

> All right. With respect to that then, Mr. Marshall, you know, taking into account the seriousness factors and the purposes and principals [sic] of sentencing, specifically with you regarding the recidivism factors I think are important, I've read the pre-sentence investigation. You know, at the time of this offense, you were on post-release control. You do have a history of engaging, you have a history of criminal activity, and I'm not sure given the close proximity to this offense – that you have responded all that favorably to the previous sanctions. I just don't see how a prison sentence is not appropriate in this case. I think for me not to send you to prison in this case would seriously demean the seriousness of the offense and I don't think it does justice to your record. So, I'm going to find that you are not amenable to community control and I'm going to sentence you to prison in this case. I am also going to revoke your post-release control because Mr. Marshall when you're put on post release control --.

At that point, Marshall asked the court if he could address the court once more, and then

stated that other than being in possession of his father's gun, he had stayed out of trouble, had obtained steady employment, and was seeking an education. The trial then court continued.

> Well, Mr. Marshall, I don't dispute that everything you just said, except for the not getting in trouble part, because we have this new felony conviction, which is significant. I don't dispute that what you're saying is not true. And, I do take into account the fact that you are doing better now. But, what you have to understand is, that your history with the Court and with the system is such that when you come before me - - you don't get the benefit of the doubt anymore. You had the benefit of the doubt way back when when [sic] you were a first time offender. You got the benefit of the doubt. You know you got sent to prison, they release you on post-release control, they give you rules to follow and you don't follow the rules, Mr. Marshall. So, I can't sit up here and say that there's going to be no consequence for the fact that there was a decision to put you on post-release control, you violated the terms of this post-release control and for me to say that there is no sanction for that, I'm not willing to do that. I laud your efforts to turn your life around and I am very hopeful that you will continue in these efforts when you're released from prison, but you are going to prison in this case. I'm going to revoke your post-release control and I am going to impose 12 months on that. I'm going to impose six months on the new charge and those will be consecutive to each other.

{¶ 19} The prosecutor then reminded the trial court that the minimum sentence for a third-degree felony is nine months, and the trial court changed the sentence to 12 months on the postrelease control and nine months on the having weapons under disability charge. The sentences remained consecutive to each other.

{¶ 20} Despite the trial court's express reference to the purposes and principles of sentencing and recidivism factors, the trial court did not make reference to the consecutive sentence findings. Even if we were to attempt to parcel out findings from the trial court's colloquy, which we are not permitted to do, the colloquy lacks the necessary reference to some R.C. 2929.14(C)(4) findings.

{¶ 21} Stated once more, the trial court was required to make three specific findings:

(1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.  In addition to these two findings, the court must find one of three factors listed in subsections (a) through (c), one of which includes that the offender was under postrelease control for a prior offense.

{¶ 22}  The record is clear that Marshall was on postrelease control at the time of his crime, thus fulfilling the third finding requirement.  However, regarding the first two enumerated findings, the trial court never found that the consecutive sentence was necessary to protect the public from future crime or to punish the offender; or that the consecutive sentences were not disproportionate to the seriousness of Marshall's conduct and to the danger he poses to the public.

{¶ 23}  While it is true that the trial court stated, "I just don't see how a prison sentence is not appropriate in this case," and determined that there had to be "consequences" for Marshall's actions, these general statements do not fulfill the statutory requirement to make a specific finding that consecutive sentences were *necessary* and not otherwise *disproportionate*.

{¶ 24}  Without doubt, the trial court's statements indicate its belief as to why a prison sentence was necessary and why community control was not appropriate.  However, R.C. 2929.14(C) requires a sentencing court to make findings to support a decision to go beyond ordering *a prison sentence* to order the harsher penalty of *consecutive sentences*.  The trial court's colloquy amply supports its statement that it considered the purposes and principles of sentencing and Marshall's recidivism factors, but the trial court's general statements regarding its consideration of the factors within R.C. 2929.11 and 2929.12 do not fulfill its statutory duty to make the enumerated findings required by R.C. 2929.14(C).

{¶ 25}  Having found that the trial court failed to make the necessary findings before

sentencing Marshall to consecutive sentences, we find Marshall's sentence contrary to law. As such, Marshall's assignment of error is sustained, and the matter is remanded for the limited purpose of resentencing.

{¶ 26} Reversed and remanded for resentencing consistent with this Opinion.

M. POWELL, J., concurs.

RINGLAND, P.J., concurs separately.

**RINGLAND, P.J., concurring separately.**

{¶ 27} I agree with the decision of the majority that we are not permitted to parcel out findings from the trial court's colloquy and must require specific findings under R.C. 2929.14(C)(4). Nevertheless, such requirement defies this court's ability to use a commonsense approach in analyzing a trial court's sentencing. Unfortunately, the legislature, via the sentencing commission, continues to require the trial court to become talking parrots, uttering phrases which have no practical value in the administration of justice. However, until and unless the Supreme Court limits the requirements as it has done in the past under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, I must follow the law as set forth even though nonsensical in its application.