[Cite as *State v. Crowe*, 2019-Ohio-5300.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                   CASE NO. 13-19-16

    v.

ARLANDO C. CROWE,                      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 18 CR 0181

Judgment Affirmed

Date of Decision: December 23, 2019

APPEARANCES:

    *Sarah R. Anjum* for Appellant

    *Derek W. DeVine* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Arlando C. Crowe ("Crowe"), appeals the May 15, 2019 judgment entry of sentence of the Seneca County Court of Common Pleas. We affirm.

{¶2} On September 12, 2018, the Seneca County Grand Jury indicted Crowe on seven counts: Counts One and Two of trafficking in cocaine in violation of R.C. 2925.03(A)(1), (C)(4)(a), fifth-degree felonies; Counts Three, Four, Five, and Seven of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(a), fourth-degree felonies; and Count Six of aggravated possession of drugs in violation of R.C. 29253.11(A), (C)(1)(a), a fifth-degree felony. (Doc. No. 6). The indictment also included forfeiture specifications. (*Id.*). Crowe appeared for arraignment on September 24, 2018 and entered pleas of not guilty. (Doc. No. 13).

{¶3} On March 15, 2019, Crowe withdrew his pleas of not guilty and entered guilty pleas, under a negotiated-plea agreement, to Counts One, Two, Three, and Four of the indictment. (Doc. No. 30). Crowe further agreed to forfeit the property identified in the forfeiture specifications. (*Id.*); (Doc. No. 31). In exchange for his change of pleas, the State agreed to dismiss Counts Five, Six, and Seven. (*Id.*). The trial court accepted Crowe's guilty pleas, found him guilty, dismissed Counts Five,

Six, and Seven, and ordered a presentence investigation ("PSI").[1] (Doc. No. 32). (*See also* Doc. No. 36).

{¶4} On May 14, 2019, the trial court sentenced Crowe to 10 months in prison on Counts One, Two, and Three, respectively, and 14 months in prison on Count Four.[2] (Doc. No. 37). The trial court further ordered Crowe to serve the sentences consecutively for an aggregate term of 68 months in prison.[3] (*Id.*). The trial court filed its judgement entry of sentence on May 15, 2019. (*Id.*).

{¶5} On May 28, 2019, Crowe filed a notice of appeal, and raises one assignment of error for our review. (Doc. No. 39).

### Assignment of Error

**The Trial Court Erred in Imposing Consecutive Sentences without Making All Findings as Required by R.C. 2929.14(C)(4)**

{¶6} In his assignment of error, Crowe argues that the trial court failed to make the necessary findings under R.C. 2929.14(C)(4) to impose consecutive sentences.

*Standard of Review*

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not

---

[1] The trial court filed a nunc pro tunc judgment entry of conviction on May 2, 2019. (Doc. No. 35).
[2] The trial court amended Count Four to trafficking in a fentanyl related compound in violation of R.C. 2925.03(A)(1), (C)(9)(a), a fifth-degree felony. (Doc. No. 37).
[3] The trial court re-imposed a 24-month prison sentence imposed in another case and ordered that Crowe serve that sentence consecutively to the consecutive sentences imposed in this case. (May 14, 2019 Tr. at 16).

support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶8} "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no

single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶9} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶10} The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶11} On appeal, Crowe argues only that the trial court failed to state whether "consecutive sentences are necessary to protect the public from future crime or to punish the offender." (Appellant's Brief at 7). Crowe does not dispute that the trial court "correctly ma[d]e the remainder of the requisite findings" or that the record does not support the trial court's findings. (*Id.*). Contrary to Crowe's argument on appeal, the trial court's statement at the sentencing hearing that "consecutive sentences are necessary to fulfill the purposes of Revised Code Section 2929.11 and not disproportionate to the seriousness of his conduct or the danger he poses"—also incorporated into the trial court's sentencing entry—conveys that the trial court engaged in the correct analysis. (May 14, 2019 Tr. at 16-17). *See Bonnell* at ¶ 29 ("However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.").

{¶12} Although the trial court stated that consecutive sentences were necessary to fulfill the purposes of R.C. 2929.11, given the similarities between the language of R.C. 2929.11(A) and that of R.C. 2929.14(C)(4), we are able to discern that the trial court considered the purposes of R.C. 2929.11—the need "to protect the public" or "to punish the offender"—for purposes of R.C. 2929.14(C)(4). *See State v. Lambert*, 2d Dist. Champaign No. 2018-CA-28, 2019-Ohio-2837, ¶ 38,

citing *State v. Fields*, 10th Dist. Franklin No. 16AP-417, 2017-Ohio-661, ¶ 20; R.C. 2929.11. *Compare State v. Graham*, 2d Dist. Montgomery No. 25934, 2014-Ohio-4250, ¶ 41 (concluding that it was "unclear from the court's summary whether it concluded that Graham's criminal history demonstrated that consecutive sentences were necessary to protect the public from future crime by the offender" because "the trial court's statements do not reflect whether it considered those matters for purposes of R.C. 2929.11 or R.C. 2929.14(C)(4)"). That is, the trial court's R.C. 2929.14(C)(4) findings were separate and distinct from its reference to the purposes and principles of felony sentencing under R.C. 2929.11. *See State v. Simmons*, 8th Dist. Cuyahoga No. 107813, 2019-Ohio-3100, ¶ 12. *See also State v. Marshall*, 12th Dist. Warren No. CA2013-05-042, 2013-Ohio-5092, ¶ 12 ("Compliance with R.C. 2929.14(C)(4) requires separate and distinct findings in addition to any findings related to the purposes and principles of sentencing within R.C. 2929.11 or the recidivism factors within R.C. 2929.12."), citing *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 17, citing *State v. Edmonson*, 86 Ohio St.3d 324, 326 (1999). Indeed, the trial court first considered the principles and purposes of felony sentencing under R.C. 2929.11 prior to imposing Crowe's sentence. Then, in its consecutive-sentence analysis, the trial court again referenced the purposes of R.C. 2929.11 in its consecutive-sentence imposition. Likewise, and

most importantly, the trial court also added that consecutive sentences were necessary for the "danger [Crowe] poses." (May 14, 2019 Tr. at 17).

{¶13} For these reasons, we conclude that the record reflects that the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings into its sentencing entry. Therefore, Crowe's sentence is not contrary to law.

{¶14} Crowe's assignment of error is overruled.

{¶15} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jlr**