[Cite as *State v. O'Neal*, 2020-Ohio-1179.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-06-009 |
| | : | O P I N I O N |
| - vs - | | 3/30/2020 |
| | : | |
| LONDON CLEFF O'NEAL, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BROWN COUNTY COURT OF COMMON PLEAS
Case No. CRI2018-2353

Zachary A. Corbin, Brown County Prosecuting Attorney, Mary McMullen, 740 Mt. Orab Pike, Suite 1, Georgetown, Ohio 45121, for appellee

Arenstein & Gallagher, William Gallagher, Elizabeth Conkin, 114 E. Eighth Street, Cincinnati, Ohio 45202, for appellant

**PIPER, J.**

{¶ 1} Appellant, London O'Neal, appeals the sentence imposed by the Brown County Court of Common Pleas after he pled guilty to involuntary manslaughter and trafficking in a fentanyl-related compound.

{¶ 2} O'Neal, a known drug dealer, sold heroin laced with fentanyl to a woman who died after ingesting the drug. O'Neal was indicted on 22 felony counts related to the heroin

sale and resulting death. After plea negotiations with the state, O'Neal pled guilty to one count of involuntary manslaughter and one count of trafficking in a fentanyl-related compound, both felonies of the first degree, and the remaining counts were dismissed.

{¶ 3} The trial court sentenced O'Neal to four years in prison on the involuntary murder charge and a mandatory confinement of 11 years on the trafficking charge. The trial court ordered the sentences to run consecutive for an aggregate sentence of 15 years. The trial court also imposed an additional 594 days, which was the remaining term of O'Neal's postrelease control sanction after serving six years on an aggravated robbery charge and a three-year firearm specification. The court also ordered the 594 days to run consecutive to the 15-year sentence. O'Neal now appeals the trial court's sentence, arguing that the trial court's sentence is contrary to law.[1]

{¶ 4} An appellate court reviews the imposed sentence according to R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.

{¶ 5} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

---

1. O'Neal did not frame his argument in a proper assignment of error, but rather, stated his challenge as a question: "Whether where Mr. O'Neal's 16 ½ year sentence serves only one of the Two statutory purposes set forth in R.C. 2929.11(A), it is contrary to law and must be vacated." [Sic]. *See* 12th Dist.Loc.App.R. 11(B)(3).

{¶ 6} A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings required by R.C. 2929.14(C)(4). *State v. Marshall*, 12th Dist. Warren No. CA2013-05-042, 2013-Ohio-5092, ¶ 8. Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith,* 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 7} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Smith* at ¶ 8.

{¶ 8} The record clearly indicates, and O'Neal does not challenge, that the trial court's sentence was within the statutory range for the enumerated felony designations of his convictions. O'Neal, however, does challenge the trial court's consideration of relevant statutory factors specific to sentencing and claims that the trial court erred in balancing the factors. However, the record demonstrates that the trial court properly considered the required factors within R.C. 2929.11 and 2929.12, as the trial court referenced facts specific to the factors both during the sentencing hearing, and as indicated in the trial court's sentencing entry. O'Neal was also properly informed of the required postrelease control notifications.

{¶ 9} The trial court also made consecutive sentence findings both at the sentencing hearing when it imposed sentence, and in its judgment entry of sentence. The trial court specifically found that consecutive sentences were necessary to protect the public from future crime, as well as to punish O'Neal for his crimes. It also found that the consecutive nature of the sentence was not disproportionate to the seriousness of O'Neal's conduct and to the danger he posed to the public. The trial court also found that O'Neal's criminal history demonstrated that consecutive sentences were necessary to protect the public from O'Neal's future crime. Thus, the trial court made the necessary statutory findings before imposing consecutive sentences, and O'Neal's sentence was not contrary to law.

{¶ 10} We also find that the trial court's findings were supported by the record. The record indicates that O'Neal had a serious criminal history, including aggravated robbery, during which he used a firearm. O'Neal, a known drug dealer, had sold the heroin/fentanyl mixture to undercover officers several times. O'Neal was also selling drugs in large quantities to the public, thus exposing them to the same lethal mixture that killed the woman.

{¶ 11} The court also considered that O'Neal was essentially casting blame for his

conviction on the victim based on his contention that the victim could have purchased drugs from anyone, and that it was her choice to ingest the drugs. While it may be true that the victim could have purchased drugs from someone else, the fact remains that *O'Neal* sold the victim a lethal mixture of heroin and fentanyl, and that he pled guilty to her involuntary manslaughter.

{¶ 12} After a thorough review, we find the trial court's findings are fully supported by the record and that the sentence was not contrary to law. O'Neal's assignment of error is, therefore, overruled.

{¶ 13} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.