[Cite as *State v. Boysel*, 2011-Ohio-1732.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,                                        CASE NO. 15-10-09

   PLAINTIFF-APPELLEE,

 v.

BENJAMIN R. BOYSEL,                          **O P I N I O N**

   DEFENDANT-APPELLANT.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CR 10-03-039

**Judgment Affirmed**

**Date of Decision:  April 11, 2011**

APPEARANCES:

   *Dillon W. Staas* for Appellant

   *Kevin H. Taylor* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Benjamin R. Boysel (hereinafter "Boysel"), appeals the Van Wert County Court of Common Pleas' judgment entry of conviction and sentence. We affirm.

{¶2} On March 26, 2010, the Van Wert County Grand Jury indicted Boysel on four counts of sexual battery, violations of R.C. 2907.03(A)(9) and third degree felonies. (Doc. No. 1).

{¶3} On March 29, 2010, an arraignment was held, and Boysel entered pleas of not guilty to the indictment. (Doc. No. 6).

{¶4} On May 10, 2010, Boysel withdrew his previously tendered pleas of not guilty and tendered pleas of guilty to all four counts pursuant to plea negotiations. (Doc. Nos. 20-23). In exchange for Boysel's guilty pleas, the State agreed to recommend four (4) years imprisonment on count one, two (2) years imprisonment on count two, four (4) years imprisonment on count three, and two (2) years imprisonment on count four. (Doc. No. 21, Ex. A). The State further agreed to recommend that the terms imposed be served consecutively to each other for an aggregate total of twelve (12) years imprisonment. (Id.). The trial court accepted Boysel's guilty pleas, ordered a pre-sentence investigation (PSI) report, and set sentencing for June 30, 2010. (Doc. No. 23).

{¶5} On May 26, 2010, the trial court rescheduled sentencing for July 7, 2010. (Doc. No. 25). On July 7, 2010, the trial court followed the State's recommended sentence, sentencing Boysel to a total of twelve (12) years imprisonment. (Doc. No. 28).

{¶6} On September 10, 2010, Boysel filed a notice of delayed appeal and a motion with this Court for leave to appeal pursuant to App.R. 5(a), which motion this Court granted on November 1, 2010.

{¶7} Boysel now appeals raising two assignments of error for our review.

### ASSIGNMENT OF ERROR NO. I

**APPELLANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND WAS PREJUDICED AS A RESULT.**

{¶8} In his first assignment of error, Boysel argues that he entered his guilty plea based upon trial counsel's misrepresentation that his sentence would not exceed more than ten (10) years, despite the prosecution's recommendation, in light of his military service, lack of a prior record, and the remorse he demonstrated by seeking counseling before being criminally charged. Boysel asserts that he would not have pled guilty if he believed he would have received more than ten (10) years since that would eliminate his opportunity for judicial release. Boysel also argues that trial counsel was ineffective at sentencing by failing to argue that he should have been sentenced to less than ten (10) years imprisonment.

{¶9} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole* (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶10} To establish prejudice when ineffective assistance of counsel relates to a guilty plea, a defendant must show there is a reasonable probability that but for counsel's deficient or unreasonable performance the defendant would not have pled guilty. *State v. Xie* (1992), 62 Ohio St.3d 521, 524, 584 N.E.2d 715, citing *Hill v. Lockhart* (1985), 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.E.2d 203; *Strickland*, 466 U.S. at 687.

{¶11} Boysel's argument lacks merit. The record lacks any evidence of counsel's assurance that the trial court would sentence him to less than ten (10) years imprisonment. The record does demonstrate, however, that Boysel was aware that the State was recommending twelve (12) years of incarceration. (Doc. No. 21, Ex. A); (Change of Plea Hearing Tr. at 12-13). Furthermore, the trial court advised Boysel that he faced a possible twenty (20) years of incarceration, and that he would be ineligible for judicial release if he was sentenced to more than ten (10) years of incarceration. (Change of Plea Hearing Tr. at 9). Boysel indicated that he had discussed the change of plea with his attorney and was satisfied with his attorney's representation. (Id. at 7). Boysel further indicated that

he had not been induced to change his plea by any promises. (Id. at 11). Aside from that, "an attorney's 'mere inaccurate prediction of a sentence' does not demonstrate the deficiency component of an ineffective assistance of counsel claim." *U.S. v. Martinez* (C.A. 7, 1999), 169 F.3d 1049, 1053. See, also, *State v. Bari*, 8th Dist. No. 90370, 2008-Ohio-3663, ¶11.

**{¶12}** Boysel also argues that trial counsel was ineffective for failing to argue that he should be sentenced to less than ten (10) years at the sentencing hearing. Trial counsel made the following statement at sentencing:

> **Yes, Your Honor, just briefly. I would like to point out to the Court that I have had an opportunity to review the presentence investigation and I appreciate that. The presentence investigation show [sic] that the Defendant is a first offender, the only prior violations of law were traffic violations. I would like to state to the Court that I would ask the Court to review 2929.12(C) in particular subsection one (1) and three (3) regarding the factors in rendering sentencing in this matter and further Revised Code 2929.14(E)(4) regarding the multiple sentences that could be a factor in this case. I would ask the Court to consider the fact he is a truly first offender in this matter and I believe that my client has a statement that he would like to make to the Court.**

(Sentencing Tr. at 3). Thereafter, Boysel made a lengthy statement acknowledging the "utterly deplorable and despicable" nature of his conduct and expressing his regret to the victims, the victims' families, and members of the church. (Id. at 3-6). One of Boysel's four female victims also made a statement before the trial court. (Id. at 7-8).

{¶13} After reviewing the record, we cannot conclude that trial counsel was ineffective at the sentencing hearing. Trial counsel noted that Boysel had no previous criminal offenses, argued that the victims induced or facilitated the offenses, and that Boysel never used any threat of physical harm to the victims. Furthermore, trial counsel noted that Boysel's lack of a previous criminal record mitigated the need for consecutive sentences. When making his statement, trial counsel was no doubt aware that Boysel was going to make a statement acknowledging his guilt and expressing his remorse. Furthermore, trial counsel highlighted the PSI in this case, which indicated Boysel's prior military service and ministry experience. Aside from this, Boysel has failed to demonstrate that the result of the proceedings would have been different had trial counsel made a more exhaustive statement in mitigation. Namely, Boysel has failed to demonstrate that the trial court would have sentenced him to less than ten (10) years imprisonment. For all these reasons, we cannot conclude that trial counsel was ineffective at sentencing.

{¶14} Boysel's first assignment of error is, therefore, overruled.

**ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT'S SENTENCE DOES NOT COMPORT WITH THE PRINCIPLES AND PURPOSES OF FELONY SENTENCING ACCORDING TO SECTIONS 2929.11 AND 2929.12 OF THE OHIO REVISED CODE.**

{¶15} In his second assignment of error, Boysel argues that the trial court's sentence does not comport with the principles and purposes of sentencing set forth in R.C. 2929.11, 2929.12. Boysel argues that the trial court did not consider the consensual nature of the relationships, his unlikelihood of committing future crimes, his genuine remorse, and his service in the U.S. Military.

{¶16} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. No. 4-06-24, 2007-Ohio-767, ¶23 (the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *); *State v. Rhodes*, 12th Dist. No. CA2005-10-426, 2006-Ohio-2401, ¶4; *State v. Tyson*, 3d Dist. Nos. 1-04-38; 1-04-39, 2005-Ohio-1082, ¶19, citing R.C. 2953.08(G).[1] Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus; *State v.*

---

[1] This Court notes that the Ohio Supreme Court has recently released a plurality opinion on the issue of whether a clear and convincing standard or an abuse of discretion standard is proper for reviewing felony sentences under R.C. 2953.08(G). *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. Although this Court utilized our precedential clear and convincing standard, affirmed and adopted by *Kalish*'s three dissenting Justices, we would have concluded that Boysel's sentence was proper under the *Kalish* plurality's two-step approach as well.

*Boshko* (2000), 139 Ohio App.3d 827, 835, 745 N.E.2d 1111. An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's likelihood of recidivism and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. No. 2-04-08, 2004-Ohio-4809, ¶16, quoting *State v. Jones* (2001), 93 Ohio St.3d 391, 400, 754 N.E.2d 1252.

{¶17} Boysel was convicted of four counts of sexual battery, violations of R.C. 2907.03(A)(9) and third degree felonies. (July 8, 2010 JE, Doc. No. 28). Boysel was sentenced to four (4) years on count one; two (2) years on count two; four (4) years on count three; and two (2) years on count four. (Id.). R.C. 2929.14(A)(3) provides that, "[f]or a felony of the third degree, the prison term shall be one, two, three, four, or five years." Since the terms of imprisonment imposed by the trial court upon each count fall within the range proscribed in R.C. 2929.14(A)(3), Boysel's sentence is not contrary to law.

{¶18} Boysel has also failed to clearly and convincingly demonstrate that the sentencing statutes' procedure was not followed. *Ramos*, 2007-Ohio-767, at ¶23. Before pronouncing its sentence, the trial court noted that it had reviewed the PSI, including the victim impact statements, considered the statements made in mitigation, as well as the factors in R.C. 2929.12 and 2929.13(B), and the principles and purposes of sentencing set forth in R.C. 2929.11. (Sentencing Hearing Tr. at 9-10); (July 8, 2010 JE, Doc. No. 28).

{¶19} Finally, Boysel has failed to clearly and convincingly demonstrate that sentence was unsupported by the record or there was not a sufficient basis for the imposition of a prison term. *Ramos*, 2007-Ohio-767, at ¶23. A review of the record herein demonstrates that Boysel was having sexual relations with four female members of his youth group, ages 14 to 16, while he was employed as the youth pastor of the Trinity United Methodist Church in Van Wert. (PSI). The record further indicates that Boysel was married at the time of these sexual offenses, and that many of the offenses occurred while Boysel hosted overnight stays for members of the youth group at his house. (Id.). The victims have suffered severe psychological harm as a result of Boysel's actions. (Id.). Many of the victims stated that they: have left their faith or question their faith; view men as predators; have endured strained relationships with friends and family; have had doubts about having future relationships and their self-worth; have endured flashbacks and dreams; and question the motives of adults in positions of authority. (Id). The trial court expressed its concern for the impact of Boysel's crimes upon the victims at sentencing. (Sentencing Hearing Tr. at 9). As noted before, Boysel accepted responsibility for his actions and expressed remorse to those involved. (Id. at 3-6). The trial court also had reviewed the PSI, which indicated Boysel's prior service in the military and ministry, and that Boysel's prior record was limited to four speeding offenses. After reviewing the record

herein, we cannot conclude that trial court erred in sentencing Boysel to an aggregate of twelve (12) years imprisonment.

{¶20} Boysel's second assignment of error is, therefore, overruled.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ROGERS, P.J., concurs.**

**/jnc**

**WILLAMOWSKI, J., concurs separately.**

{¶22} I concur with the majority opinion, however write separately because the appropriate standard of review for challenges regarding the application of R.C. 2929.12(B) is whether the trial court abused its discretion. The standard of review for sentences was set forth in the plurality opinion of *Kalish*, supra. In *Kalish*, four panel members noted that R.C. 2953.08(G) requires that appellants must meet a clearly and convincingly contrary to law standard of review when reviewing a sentence.[2] For example, if the sentencing court imposed consecutive sentences, the standard of review would be whether appellant has shown that the sentence was clearly and convincingly contrary to law. However, if the appeal is based upon alleged improper application of the factors in R.C. 2929.12, four panel

---

[2] Justices Pfeifer, Lundberg Stratton, Lanzinger, and Judge Willamowski, sitting by assignment, all reached this conclusion.

-10-

members in *Kalish* would require review using an abuse of discretion standard as specifically set forth in R.C 2929.12.[3]

{¶23} In his assignments of error, Boysel alleges that the trial court erred by incorrectly applying the factors set forth in 2929.12(B)(2). Boysel's appeal of the application of these factors requires a review using an abuse of discretion standard. However, I concur with the majority that there was no abuse of discretion and would affirm the judgment of the trial court.

---

[3] Justices O'Connor, Moyer, O'Donnell, and Judge Willamowski, sitting by assignment, concurred in this position, although the first three would use both standards of review in all cases.