[Cite as *State v. Moore*, 2014-Ohio-765.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-06-044 |
| | : | O P I N I O N |
| - vs - | | 3/3/2014 |
| | : | |
| JEFFREY S. MOORE, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 1012 CR 633


D. Vincent Faris, Clermont County Prosecuting Attorney, Judith A. Brant, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

R. Daniel Hannon, Clermont County Public Defender, Robert F. Benintendi, 10 South Third Street, Batavia, Ohio 45103


**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Jeffrey S. Moore, appeals his sentence in the Clermont County Court of Common Pleas for two counts of involuntary manslaughter and one count of obstructing justice. As the trial court did not make the required findings for the imposition of consecutive sentences, this matter is remanded to the trial court for resentencing in accordance with R.C. 2929.14(C)(4).

{¶ 2} On or about July 29, 2010, appellant and his acquaintance, Ronald Godfrey, committed a felony theft offense. The two were spotted by neighbors during the commission of the offense and they fled the scene in a Penske truck. Godfrey was driving and appellant was a passenger. After a protracted attempt to evade police, appellant and Godfrey reached a red light at the intersection of State Route 32 and Bells Lane. There, Godfrey drove the truck onto the berm to avoid traffic stopped in front of him, proceeded into the intersection, collided with a van, and thereby killed both of the van's passengers.

{¶ 3} Appellant and Godfrey exited the truck and attempted to further evade police, but they were soon captured. Upon capture, appellant falsely communicated to the police that the stolen truck was driven by a third person known as "Mike." Appellant continued to indicate that "Mike" was the driver for several hours until he eventually admitted that "Mike" was a fictitious person, and that the truck was actually driven by Godfrey.

{¶ 4} On August 8, 2012, appellant was indicted for murder, involuntary manslaughter, and aggravated robbery. On March 29, 2013, appellant pled guilty to two counts of involuntary manslaughter in violation of R.C. 2903.04(A), felonies of the first degree, and one count of obstructing justice in violation of R.C. 2921.32(A)(5), a felony of the third degree. The remaining charges were dropped. At his sentencing hearing on June 3, 2013, the trial court imposed a sentence of 11 years for each of the two involuntary manslaughter convictions and 18 months for the obstructing justice conviction, to be served consecutively for an aggregate prison term of 23 years and six months. Appellant appealed, raising as his sole assignment of error the following:

{¶ 5} THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE PRISON TERMS.

{¶ 6} Appellant argues that the trial court's sentence is contrary to law, as the court failed to make the necessary statutory findings before imposing consecutive sentences as

required by R.C. 2929.14(C)(4). Therefore, he contends that pursuant to R.C. 2953.08(G)(2)(b) this court must vacate his sentence and remand the matter for resentencing. For the reasons discussed below, we agree.

{¶ 7} At the outset, we note that the state's brief recites an outdated standard of review. This court no longer reviews felony sentences under an abuse of discretion standard. *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 9, citing *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6-7. Rather, we have held that "the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences." *State v. Marshall*, 12th Dist. Warren No. CA2013-05-042, 2013-Ohio-5092, ¶ 6, quoting *Crawford* at ¶ 6. Pursuant to R.C. 2953.08(G)(2), an appellate court may vacate the sentence and remand the matter to the sentencing court for resentencing if the appellate court "clearly and convincingly finds" that the sentence is contrary to law. This is an "extremely deferential standard of review." *Crawford* at ¶ 8.

{¶ 8} Nevertheless, "[a] consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings as required by R.C. 2929.14(C)(4)." *Marshall* at ¶ 8, citing, *inter alia*, *State v. Warren*, 12th Dist. Clermont No. CA2012-12-087, 2013-Ohio-3483, ¶ 16; *State v. McCoy*, 12th Dist. Warren No. CA2013-04-033, 2013-Ohio-4647. According to R.C. 2929.14(C)(4):

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control

- 3 -

for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

In short, the statute requires a trial court imposing a consecutive sentence to make three findings regarding that sentence: (1) that a consecutive sentence is necessary to protect the public from future crime or punish the offender, (2) that it is not disproportionate to the seriousness of the crimes and the danger the offender poses to the public, and (3) one of the three factors listed in subsections (a) through (c). *Warren* at ¶ 17.

{¶ 9} This court does not require that a trial court imposing consecutive sentences state any "talismanic language" in order to comply R.C. 2929.14(C)(4). *Id.* at ¶ 16, citing *State v. Kuykendall*, 12th Dist. Clermont No. CA2004-12-111, 2005-Ohio-6872, ¶ 24. However, "the consecutive sentence findings must be made wholly separate and apart from any consideration given to the purposes and principles of sentencing [under R.C. 2929.11] and recidivism factors [under R.C. 2929.12]." *Marshall* at ¶ 14. Although there may be significant overlap in the factors identified in R.C. 2929.11, 2929.12, and 2929.14(C)(4), respectively, this court is not permitted "to parcel out findings from the trial court's colloquy." *Id.* at ¶ 17, 20.

{¶ 10} In the present case, the trial court stated at appellant's sentencing hearing that it was required to impose a sentence that is consistent with the twofold principles and purposes of sentencing. Additionally, the trial court indicated that it was required to look at a variety of other factors in determining the appropriate sentence to impose. For example, in

examining the recidivism factors, the trial court noted that appellant had been given the opportunity to avoid a prison sentence for a prior conviction in 2009, but had squandered that opportunity, gone to prison, and completed his postrelease control only a month and a half before committing the present offenses. The trial court then examined the seriousness factors, and concluded that the involuntary manslaughter offenses were "inherently serious cases" because they led to the deaths of two people. It also concluded that the obstructing justice conviction was a "more serious offense than behaviors which normally constitute the offense" because it impeded an investigation into the serious crimes that led to the two deaths.

{¶ 11} Further, the trial court looked for, and found, genuine remorse. Yet it noted that appellant had not responded favorably to sanctions that had been previously imposed for criminal convictions, and that appellant had "made conscience [sic] choices and decision[s] that day to engage in multiple criminal activities," which ultimately led to the deaths of two people. Taking all of these factors into account, the trial court stated its agreement with the state that appellant's offenses "scream out for consecutive sentences."

{¶ 12} While the trial court may have identified what it believed to be ample justification for the imposition of consecutive sentences, it did not make the required findings regarding consecutive sentences on the record. *See Stamper*, 2013-Ohio-5669 at ¶ 25; *Marshall*, 2013-Ohio-5092 at ¶ 23-24. Thus, appellant's sole assignment of error is sustained.

{¶ 13} Judgment reversed as to sentencing only and the cause remanded to the trial court for resentencing in accordance with R.C. 2929.14(C)(4).

PIPER, J., concurs.

RINGLAND, P.J., concurs separately.

**RINGLAND, P.J., concurring separately.**

As I previously lamented in my concurring opinion in *Marshall*, 2013-Ohio-5092 at ¶ 27, we are constrained by the legislature under R.C. 2929.14(C) from analyzing the trial court's sentence under a common sense approach. Despite our opinion in *Warren*, 2013-Ohio-3483 at ¶ 16, that "talismanic language" is not required, such requirement appears to be alive and well. While I chafe at this legislative dictate, nevertheless I will follow it until directed otherwise by our higher court.