[Cite as *State v. Johnson*, 2014-Ohio-1694.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| STATE OF OHIO, | : | |
|---|---|---|
| Plaintiff-Appellee, | : | CASE NO.  CA2013-04-012 |
| | : | O P I N I O N |
| - vs - | | 4/21/2014 |
| | : | |
| SPENCER A. JOHNSON, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. 13 CRI 00002


Jess C. Weade, Fayette County Prosecuting Attorney, John M. Scott, Jr., 110 East Court Street, Washington C.H., Ohio 43160, for plaintiff-appellee

Susan R. Wollscheid, P.O. Box 841, Washington C.H., Ohio 43160, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Spencer Johnson, appeals from his conviction and sentence in the Fayette County Court of Common Pleas for burglary and possession of criminal tools.  For the reasons detailed below, we affirm.

{¶ 2} On January 11, 2013, appellant was indicted on two counts of burglary, two counts of attempted burglary, and one count of possessing criminal tools.  The charges arose out of allegations that on December 12, 2012, appellant burglarized the house of John and

Lois Rhoades, and attempted to burglarize two neighboring properties, all in the city of Washington Court House. In committing the burglary at the Rhoades' property, it was alleged appellant used a box cutter to cut a hole in the Rhoades' metal-screened patio, unlocked the exterior patio door, and then removed a window to enter the home. When appellant entered the home, the Rhoades' security system activated, thus causing appellant to flee from the scene. Appellant was discovered in the neighborhood shortly thereafter still in possession of the box cutter.

{¶ 3} On March 21, 2013, appellant filed a motion to suppress, which the trial court denied. The matter then proceeded to trial on April 3, 2013. In its case-in-chief, the state called Lois Rhoades' daughter who was house-sitting at the time of the burglary, four witnesses who observed appellant's suspicious activity, and four investigating police officers who responded to the scene of the crime.

{¶ 4} Following presentation of the state's evidence, appellant's counsel moved pursuant to Crim.R. 29 for acquittal on all charges based on insufficient evidence. The trial court granted appellant's motion for acquittal on the two counts of attempted burglary involving the two neighboring properties. However, the trial court denied the motion for acquittal on the remaining two counts of burglary involving the Rhoades' property, as well as the charge of possession of criminal tools. Appellant did not introduce any evidence in his defense and the matter proceeded to the jury.

{¶ 5} Following deliberations, the jury found appellant guilty of one count of burglary and one count of possession of criminal tools. Appellant, however, was found not guilty on the second count of burglary. Subsequently, the trial court imposed a three-year prison term for the count of burglary and a one-year prison term for the count of possession of criminal tools, to be served concurrently. Appellant now appeals from his conviction and sentence, raising four assignments of error for review. For ease of discussion, we will address the

- 2 -

assignments of error out of order.

{¶ 6} Assignment of Error No. 3:

{¶ 7} THE TRIAL COURT PREJUDICIALLY ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS.

{¶ 8} In his third assignment of error, appellant argues the trial court erred in denying his motion to suppress any alleged incriminating statements made following his arrest. In support of this claim, appellant contends he was too intoxicated to make a knowing and intelligent waiver of his *Miranda* rights. Therefore, appellant asserts that his *Miranda* waiver was invalid and any statements or observations regarding his demeanor were inadmissible. We find no merit to this argument.

{¶ 9} Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Cochran*, 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353, ¶ 12. "When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to weigh the evidence in order to resolve factual questions and evaluate witness credibility." *State v. Harsh*, 12th Dist. Madison No. CA2013-07-025, 2014-Ohio-251, ¶ 9; *State v. Linnik*, 12th Dist. Madison No. CA2004-06-015, 2006-Ohio-880, ¶ 27. Therefore, when reviewing the denial of a motion to suppress, a reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Oatis*, 12th Dist. Butler No. CA2005-03-074, 2005-Ohio-6038. However, an appellate court "independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *Cochran* at ¶ 12; *Harsh* at ¶ 10.

{¶ 10} "When a suspect is questioned in a custodial setting, the Fifth Amendment requires that he receive *Miranda* warnings to protect against compelled self-incrimination." *State v. Wesson*, 137 Ohio St.3d 309, 2013-Ohio-4575, ¶ 34. "A suspect may then

- 3 -

knowingly and intelligently waive these rights and agree to make a statement." *Id.* As noted by the First District Court of Appeals in *State v. Jillson*, 1st Dist. Hamilton No. C-110430, 2012-Ohio-1034:

> The state again bears the burden of proving by a preponderance of the evidence that a defendant voluntarily provided a statement. A court must look at the totality of the circumstances in making such a determination, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement. Intoxication is one factor to consider in this analysis, but intoxication in and of itself will not render a confession or statement involuntary.

*Id.* at ¶ 17 (citations omitted); *see also State v. Monticue*, 2d Dist. Miami No. 06-CA-33, 2007-Ohio-4615, ¶ 10; *State v. Lewis*, 10th Dist. Franklin No. CA 97APA09-1263, 1998 WL 1998 WL 418913, *2 (July 21, 1998).

{¶ 11} In denying appellant's motion, the trial court found the state had met its burden of proof and determined appellant had provided the statements voluntarily and in accordance with law. In so holding, the trial court first noted the uncontroverted fact that *Miranda* warnings were provided to appellant prior to the statements. In addition, the trial court also found the police interrogation of appellant had been proper and there was sufficient evidence to show appellant was oriented and not intoxicated at the time. Based on our review of the record, we find no error in the trial court's denial of appellant's motion to suppress.

{¶ 12} In opposing appellant's motion to suppress, the state presented the testimony of Sergeant Russell Lowe and Officer Ron Sockman, both of whom are police officers with the City of Washington Court House, who were present during appellant's arrest and subsequent interrogation at the Washington Court House police station. Both Sergeant Lowe and Officer Sockman testified that appellant was provided with *Miranda* warnings and appellant stated that he understood his rights. Sergeant Lowe and Officer Sockman further

testified that appellant did not appear to be under the influence of drugs or alcohol, nor did appellant exhibit any objective indicators of drug or alcohol consumption, such as slurred speech or an odor of an alcoholic beverage.

{¶ 13} Additionally, Officer Sockman testified appellant displayed signs that he was fully aware and understood what was going on at the time, including appellant's later request to invoke his right to counsel. On the other hand, appellant testified that he had been on a two-day drug and alcohol binge and had no recollection of the interview with police on the date of his arrest. Appellant presented no corroborating evidence with respect to his claim of intoxication.

{¶ 14} After a thorough review of the record, we find no error in the trial court's finding that appellant had full awareness of his constitutional rights and that the statements he made during the course of the interview with police were not involuntary. Although appellant claims he was intoxicated and under the influence of drugs at the time of his interrogation, the testimony provided by Sergeant Lowe and Officer Sockman clearly indicates appellant exhibited none of the objective signs of intoxication. Moreover, appellant's testimony regarding his level of intoxication was not corroborated by any other evidence in the record. Therefore, we find the trial court's findings of fact were supported by competent, credible evidence. Accordingly, the trial court did not err in denying appellant's motion to suppress. Appellant's third assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT PREJUDICIALLY ERRED BY ACCEPTING [A] GUILTY VERDICT WITH INSUFFICIENT EVIDENCE AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 17} In his second assignment of error, appellant argues his conviction for burglary and possession of criminal tools is based on insufficient evidence and against the manifest

- 5 -

weight of the evidence. We disagree.

{¶ 18} The legal concepts of sufficiency of the evidence and weight of the evidence are separate and distinct. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "In reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, ¶ 37, quoting *State v. Jenks*, 61 Ohio St .3d 259 (1991), paragraph two of the syllabus.

{¶ 19} On the other hand, "a manifest weight challenge concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." *State v. Cummings*, 12th Dist. Butler No. CA2006-09-224, 2007-Ohio-4970, ¶ 12. In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Hibbard*, 12th Dist. Butler Nos. CA2001-12-276, CA2001-12-286, 2003-Ohio-707, ¶ 10. A unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required to reverse a judgment on the weight of the evidence in a jury trial. *Thompkins* at 389.

{¶ 20} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." *State v. Malott*, 12th Dist. Butler

Nos. CA2007-02-006, CA2007-02-007, CA2007-02-008, 2008-Ohio-2114, ¶ 18; *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 35. Therefore, we will first examine whether appellant's convictions are supported by the manifest weight of the evidence.

{¶ 21} Appellant was convicted of one count of burglary and one count of possessing criminal tools. The crime of burglary is defined in R.C. 2911.12, and provides:

> (A) No person, by force, stealth, or deception, shall do any of the following:
>
> * * *
>
> (3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense.

R.C. 2911.12(A)(3); *State v. Newman*, 12th Dist. Fayette No. CA2012-08-024, 2013-Ohio-2053, ¶ 22. The crime of possessing criminal tools is defined under R.C. 2923.24 and provides "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."

{¶ 22} Based on our review of the record, we find the jury's verdict was not against the weight of the evidence and was therefore supported by sufficient evidence. Here, the state presented uncontested evidence that the Rhoades' property had been burglarized. To enter the home, the perpetrator cut a hole in the Rhoades' metal-screened patio, reached through that hole to unlock the exterior patio door, and then removed a window to enter the home. It was also undisputed that the home security system was triggered as a result of the burglary, which resulted in the call to police.

{¶ 23} To link appellant to the scene of the crime, the state introduced the testimony of the investigating police officers who discovered footprints in the snow that were consistent with the shape and pattern of the shoes worn by appellant at the time of his arrest. For

- 7 -

instance, Officer Shannon Long, who is trained in basic and advanced tactical training, testified that she followed those footprints leading from the house, which aided in the chase and eventual capture of appellant. Additionally, the state introduced exhibits demonstrating the similarity in the footprint found in the Rhoades' back yard and the shoe worn by appellant at the time of his arrest.

{¶ 24} In addition to the evidence recovered at the scene, the state also presented the testimony of neighbors who identified appellant's suspicious behavior and reported the activity to the police. For example, the state introduced the testimony of Jeremy Truex who testified that he caught appellant peering through the back patio window of the Truex house. When Truex confronted appellant, Truex testified that appellant stated he was searching for his dog, which he described as a Yellow Labrador. Thereafter, the state introduced the testimony of Rowland LeMaster who testified that appellant approached his door and again mentioned that he was missing his dog, however, this time appellant described the missing dog as an Irish Setter. Appellant's suspicious activity was further described by Officer Sockman who testified that appellant stated he was in the neighborhood in order to track and hunt deer, despite the fact that deer hunting was not allowed in the area. When confronted with that fact, Officer Sockman testified appellant changed his story and stated that he was looking for his dog, which appellant this time described as a Beagle.

{¶ 25} Furthermore, the state also presented testimony consistent with a scheme or plot to commit a burglary and further corroborated the testimony presented by Truex and LeMaster. For instance, the state presented the testimony of Rita Farris who testified that she twice observed appellant knock on a door, only to quickly leave the area when the homeowner's dog began barking. Also, the state presented the testimony of Anthony Hamilton who observed appellant running through back yards in an apparent attempt to flee the scene of the crime. Finally, it is undisputed that appellant was found in possession of a

box cutter. The box cutter was fully capable and, indeed, consistent with the cut found in the Rhoades' screen door which allowed entry into the patio area.

{¶ 26} In light of the evidence presented, we conclude the jury did not clearly lose its way in finding that appellant was guilty of burglary and possession of criminal tools. The evidence presented by the state was sufficient to place appellant at the scene of the crime and to establish all material elements of the crimes. Although much of the evidence presented by the state was circumstantial, we note that circumstantial evidence has the same probative value as direct evidence and indeed, in some circumstances, "may also be more certain, satisfying and persuasive than direct evidence." *State v. Marcum*, 4th Dist. Gallia No. 12CA6, 2013-Ohio-5333, ¶ 47; *State v. Williams*, 5th Dist. Stark No. 2013CA000165, 2014-Ohio-598, ¶ 22; *State v. Milby*, 12th Dist. Warren No. CA2013-02-014, 2013-Ohio-4331, ¶ 39. Therefore, we find the evidence presented by the state could lead a reasonable jury to conclude that appellant committed both the crimes of burglary and possession of criminal tools. Accordingly, appellant's convictions are based on sufficient evidence and supported by the weight of the evidence. Appellant's second assignment of error is overruled.

{¶ 27} Assignment of Error No. 4:

{¶ 28} THE TRIAL COURT VIOLATED ANTHONY BROWN'S [sic] DUE PROCESS RIGHTS AND COMMITTED PLAIN ERROR WHEN IT FAILED TO DECLARE A MISTRIAL DUE TO IRREPARABLE, PREJUDICIAL STATEMENTS UNRELATED TO THE CRIMES FOR WHICH HE WAS ON TRIAL.

{¶ 29} In his fourth assignment of error, appellant argues the trial court erred by not granting a mistrial after Officer Sockman testified that appellant admitted he was in the neighborhood to complete a drug transaction. We disagree.

{¶ 30} A mistrial should not be ordered merely because of some error or irregularity at

trial. *State v. Partin*, 12th Dist. Butler No. CA2012-09-189, 2013-Ohio-2858, ¶ 15; *State v. Sidibeh*, 10th Dist. Franklin No. 10AP-331, 2011-Ohio-712, ¶ 44. A reviewing court will not reverse a trial court's decision to grant a mistrial absent an abuse of discretion. *State v. Motz*, 12th Dist. No. CA2009-10-137, 2010-Ohio-2170, ¶ 12. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Barnes*, 94 Ohio St.3d 21, 23 (2002); *State v. Rose*, 12th Dist. Butler No. CA2011-11-214, 2012-Ohio-5607, ¶ 11. Furthermore, "[a]n appellate court will not disturb the exercise of this discretion absent a showing that the accused has suffered material prejudice." *Partin* at ¶ 15, quoting *State v. Blankenship*, 102 Ohio App.3d 534, 549 (12th Dist.1995).

**{¶ 31}** The record reflects that Officer Sockman, on direct examination, testified that appellant stated he was in the neighborhood in order to complete a drug transaction. Appellant promptly objected to the statement and the trial court sustained appellant's objection. Immediately thereafter the trial court issued a curative instruction:

> Okay I am going to sustain [the] objection in part Ladies and Gentleman you're not to consider anything regarding this answer as it related to alleged drug usage or activity. That is certainly not an issue for you to concern yourself with so you are to consider that you did not hear that term from this witness, next question.

Although the trial court sustained appellant's objection, appellant did not move for a mistrial until after the state had presented all of its remaining testimony and rested its case-in-chief. Following appellant's request at the close of evidence, the trial court denied appellant's motion for a mistrial.

**{¶ 32}** Based on our review of the record, we find the trial court did not err in denying appellant's motion for a mistrial. Although Officer Sockman's testimony was objectionable, the circumstances in this case do not warrant a mistrial. The trial court sustained appellant's

objection and then immediately offered a curative instruction. Appellant did not move for a mistrial until much later in the trial at the close of evidence and therefore appellant's request was untimely. *See, e.g., State v. Hairston*, 9th Dist. Lorain No. 05CA008768, 2006-Ohio-4925, ¶ 50; *Nozik v. McDonald*, 11th Dist. Lake Nos. 97-L-235, 97-L-252, 1999 WL 454503, *5 (June 25, 1999). Moreover, while appellant may claim the trial court's curative instruction was insufficient, "curative instructions have been held to be an effective means of remedying errors or irregularities that occur during trial" and the jury is presumed to follow any curative instructions issued by the trial court. *Motz* at ¶ 23, quoting *State v. Thornton*, Clermont App. No. CA2008-10-092, 2009-Ohio-3685, ¶ 13.

{¶ 33} We are further assisted in this determination by the fact that appellant was found not guilty on the second count of burglary as it indicates the jury was able to properly set aside the allegations involving drug use on the other related count of burglary. In conclusion, the record does not support a finding that the trial court abused its discretion in denying appellant's motion for a mistrial. Therefore, appellant's fourth assignment of error is overruled.

{¶ 34} Assignment of Error No. 1:

{¶ 35} THE TRIAL COURT PREJUDICIALLY ERRED BY SENTENCING APPELLANT TO THE MAXIMUM TERM ALLOWED ON EACH OFFENSE.

{¶ 36} In his first assignment of error, appellant argues the trial court erred in sentencing appellant to the maximum prison term on both convictions. Appellant alleges the trial court failed to take into account the proper considerations contained in R.C. 2929.12, including appellant's military service and lack of prior criminal history. We find no merit to this argument.

{¶ 37} At the outset, we note that both parties' briefs recite an outdated standard of review. This court no longer reviews felony sentences under an abuse of discretion

standard. *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6-7; *State v. Moore*, 2014-Ohio-765. Rather, we review felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 9. A sentence is not clearly and convincingly contrary to law where the record supports the trial court's findings under R.C. 2929.14(C)(4) and where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range. *Id*.

{¶ 38} In the present case, appellant was convicted of burglary, a third-degree felony, and possession of criminal tools, a fifth-degree felony. A third-degree felony is punishable by a prison term of nine, 12, 18, 24, 30, or 36 months. R.C. 2929.14(A)(3)(b); R.C 2911.12(A)(3). A fifth-degree felony is punishable by a prison term of six, seven, eight, nine, ten, 11, or 12 months. R.C. 2929.14(A)(5); R.C. 2923.24(A,C). Thus, the trial court's sentence of three years for the third-degree felony conviction and one year on the fifth-degree felony conviction, to be served concurrently, fell within the permissible statutory range for the offenses.

{¶ 39} In making its sentencing decision, the trial court considered all of the relevant seriousness and recidivism factors set forth in R.C. 2929.11 and R.C. 2929.12. According to R.C. 2929.12(B)(2), conduct may be considered more serious when "[t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense." The factors set forth in R.C. 2929.12 are nonexclusive and provides that the trial court may consider "any other relevant factors." R.C. 2929.12 (B). As a result, the trial court considered appellant's conduct to be more serious and stated:

I do find [appellant's] conduct more serious based on the

economic harm generated to the Rhoads [sic] family. I also find the fact that [appellant] had a box cutter on or about his person to be a more serious form of the offense and the fact that he engaged in stealth as he worked his way through the neighborhood either to cover his tracks or to search out other victims. Nothing indicating his conduct is less serious. Recidivism * * * nothing indicating recidivism is more likely I assume there is a drug overlay to this as there generally is. So other than that nothing indicating recidivism is more likely the only factor indicating recidivism is less likely is his lack of prior record.

**{¶ 40}** Based on our review of the record, we find no error in the trial court's sentencing decision. The trial court properly considered all relevant sentencing factors including, the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12 and the trial court's sentence was clearly within the permissible statutory range for the offense. Although the record reflects that appellant previously served in the U.S. Military that fact alone does not excuse the seriousness of his criminal activities. *See e.g., State v. Boysel*, 3rd Dist. Van Wert No. 15-10-09, 2011-Ohio-1732, ¶ 19; *State v. Gabel*, 8th Dist. Cuyahoga No. 91788, 2009-Ohio-3735, ¶ 13. Accordingly, appellant's first assignment of error is overruled.

**{¶ 41}** Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.